UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH N. SKIPPER #244675,

        Plaintiff,                    Case No. 2:06-cv-199

v.                                          Honorable Gordon J. Quist

LOUIS MIRON, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed, in part, for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff Joseph N. Skipper, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Louis Miron and Doctor Unknown Abdellatif. Plaintiff claims that on February 4, 2005, Defendant Miron refused to give him his tray. When Plaintiff asked Defendant Miron why he kept depriving him of his meals, Defendant Miron responded that it was because Plaintiff kept writing grievances on him.

Plaintiff alleges that on April 3, 2005, Defendant Miron was escorting Plaintiff to the shower when he began to pull on Plaintiff's handcuffs. Plaintiff asked Defendant Miron why he was pulling on the cuffs, and Defendant Miron responded by pushing his clenched fist into Plaintiff's back. Plaintiff then asked Defendant Miron to please stop, and Defendant Miron grabbed Plaintiff and wrestled him to the floor. When Plaintiff was on the floor, Defendant Miron began punching him in face, neck and head with a closed fist. Plaintiff was then placed in leg restraints and taken to a cell where he was thrown to the floor and repeatedly kicked in the back and head by Defendant Miron. Defendant Miron allegedly stated that he had "been waiting a long time" to assault Plaintiff. Plaintiff claims that this incident was witnessed by six other inmates.

Plaintiff requested medical treatment on April 4, 2005, and was seen by health services on April 26, 2005, for injuries to the back and chest area. However, Plaintiff also asked for treatment for injuries to his head, which was denied. Plaintiff alleges that on May 3, 2005, he was seen by Defendant Abdellatif for x-rays. Plaintiff was suffering from pain as a result of blows to the head and neck area. However, Defendant Abdellatif refused to order x-rays on Plaintiff's head and

neck area, telling Plaintiff that he was "fine." Plaintiff claims that the conduct of Defendants violated his constitutional rights. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In the opinion of the undersigned, Plaintiff's Eighth Amendment claims against Defendant Abdellatif lack merit and are properly dismissed. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 2004 WL 2792016, at *7 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 2004 WL 2792016, at *6, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. April 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. April 27, 2001); *Jones v. Martin*, 5 Fed. Appx. 434, *cert. denied*, 534 U.S. 833 (2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th

Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. April 4, 1997). According to the Step I grievance response to Grievance Number LMF-0505-1437-12d1, which is attached to Plaintiff's complaint, Plaintiff was seen and assessed by Defendant Abdellatif and no medical need was identified to warrant an x-ray or C.T. of Plaintiff's head. The fact that Plaintiff disagrees with Defendant Abdellatif's assessment is not sufficient to show an Eighth Amendment violation. Therefore, Plaintiff's claims against Defendant Abdellatif are properly dismissed.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's claims against Defendant Abdellatif be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). However, Plaintiff's claims against Defendant Miron are not clearly frivolous and may not be dismissed upon initial review.

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 24, 2006

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).