UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOSEPH N. SKIPPER #244675,

    Plaintiff,

v.                                            Case No. 2:06-CV-199

LOUIS MIRON, et al.,                     HON. GORDON J. QUIST

    Defendants.
_____/

## MEMORANDUM ORDER ADOPTING
## REPORT AND RECOMMENDATION

The Court has before it Defendant's Objections to the report and recommendation dated February 13, 2008. In his report and recommendation, Magistrate Judge Greeley recommended that the Court deny Defendant's motion for summary judgment based on failure to properly exhaust administrative remedies. Citing various grievance form requests that Plaintiff submitted in opposition to Defendant's motion, the magistrate judge concluded that a genuine issue of material fact remains with regard to whether Plaintiff, who was on modified grievance access status at the time, properly requested a grievance form from the Step I coordinator to exhaust his claim. The magistrate judge pointed out that in those requests, Plaintiff was requesting a Step I grievance form for purposes of filing a grievance regarding the alleged April 3, 2005, assault by Defendant. The magistrate judge further noted that in denying Plaintiff's grievance filed on or about May 31, 2005, and addressed on June 21, 2005, the grievance coordinator stated that in addition to being unauthorized, the grievance was duplicative of an earlier-filed grievance, No. LMF-05-04-1172-17i, which also mentioned the alleged assault by Defendant. The magistrate judge found that Plaintiff's prior grievance was thus arguably sufficient to give prison officials notice of the alleged assault,

especially because the grievance coordinator found the grievance to be duplicative of the prior grievance.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted.

Defendant raises a number of arguments in his Objections, but the Court need not address them because it agrees with the magistrate judge that Defendant failed to meet his burden of showing that Plaintiff failed to exhaust his administrative remedies. More specifically, the Court agrees with the magistrate judge that in denying Plaintiff's Step I grievance filed on or about May 31, 2005, based, in part, upon the ground that the grievance was duplicative of grievance LMF-05-04-1172-17i, the grievance coordinator necessarily determined that grievance LMF-05-04-1172-17i sufficiently addressed Plaintiff's assault claim, even though the prior grievance focused on the alleged denial of medical treatment following the alleged assault by Defendant. *Cf. Baker v. Vanderark*, No. 1:07-CV-004, 2007 WL 3244075, at *16 (W.D. Mich. Nov. 1, 2007) (concluding that by addressing the grievance on the merits, the MDOC must have found that the plaintiff properly exhausted his claim, even though, contrary to MDOC Policy Directive 03.02.130, he did not name any defendant in his grievance). Moreover, although Plaintiff's May 31, 2005, grievance did not specifically allege that the assault was retaliatory, Plaintiff mentioned that he "continue[d] to be retaliated against by this prison guard." This statement would appear sufficient to put prison officials on notice that Plaintiff was claiming a retaliatory assault.

Defendant contends that grievance LMF-05-04-1172-17i cannot serve to exhaust Plaintiff's retaliation claim because the focus of the grievance is Sgt. Hursh and medical care, rather than the retaliatory assault claim against Defendant. Defendant contends that the statement in the response to Plaintiff's May 31, 2005, grievance that the assault was "discussed" in grievance no. LMF-05-04-

1172-17i is factually erroneous and not supported by the evidence. However, as mentioned above, this was the grievance coordinator's determination, and the Court finds no reason to upset it. As the Supreme Court has stated, "[A]s a general rule . . . courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its procedure." *Woodford v. Ngo*, 126 S. Ct. 2378, 2385 (2006) (citing *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37, 73 S. Ct. 67, 69 (1952) (emphasis added). Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 13, 2008 (docket no. 33) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant Miron's Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies (docket no. 23) is **DENIED**.

Dated: March 27, 2008                                           /s/ Gordon J. Quist
                                                                         GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE