UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOSEPH N. SKIPPER #244675,

        Plaintiff,

v.                                               Case No. 2:06-CV-199

LOUIS MIRON, et al.,                   HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections to the magistrate judge's report and recommendation dated September 18, 2008, in which Magistrate Judge Greeley recommended that Defendant's motion for summary judgment be granted in its entirety.  First, the magistrate judge concluded that Plaintiff's Eighth Amendment excessive force claim failed because the evidence, including the hearing officer's report based upon her review of the videotape, showed that Plaintiff assaulted Defendant and Defendant merely responded with sufficient force to place Plaintiff under control until other officers arrived to assist Defendant.  The magistrate judge further noted that Plaintiff never sustained any significant injury.  Second, regarding Plaintiff's claim that he was denied meals by Defendant, the magistrate judge concluded that Plaintiff failed to establish an Eighth Amendment claim because isolated denials of food trays do not give rise to an Eighth Amendment violation.  Third, the magistrate judge recommended that summary judgment be granted on Plaintiff's retaliation claim because the evidence established that Plaintiff assaulted Defendant and Defendant responded by taking action to control Plaintiff – thus, Defendant's actions were not motivated by Plaintiff's previous grievances.  The magistrate judge  also concluded that Plaintiff

cannot show that Defendant took an action that would deter an ordinary person from engaging in future protected conduct. Finally, the magistrate judge concluded that Defendant is entitled to qualified immunity.

After conducting a *de novo* review of the report and recommendation and relevant portions of the record, and having considered Plaintiff's Objections, the Court concludes that the report and recommendation should be adopted.

Regarding his Eighth Amendment claim, Plaintiff asserts that the Court should review the videotape in its entirety and subpoena his witnesses to testify. Plaintiff further contends that he was not given a fair hearing because prison staff never asked him if he wanted to attend his hearing. Instead, he asserts, Sergeant Adams fabricated a story that he found Plaintiff masturbating in his cell when he went to ask Plaintiff if he wanted to attend the hearing. Plaintiff also says that: (1) the hearing officer's description of the videotape is false and that the tape does not show the events described by the hearing officer; and (2) the hearing officer did not view the tape in its entirety, which would have shown Defendant's assault upon Plaintiff. Finally, Plaintiff says that Defendant's statement that he recalls an incident in which he was escorting Plaintiff from the shower is a "total fabrication" because Defendant was escorting Plaintiff *to* the shower.

The Court finds it unnecessary to review the videotape as Plaintiff suggests. In her Major Misconduct Hearing Report, the hearing officer described the incident that she viewed on the videotape. The pertinent details of this incident as described by the hearing officer are similar to Plaintiff's version of events, in that Plaintiff alleges that Defendant was escorting him to the shower and began to pull on Plaintiff's cuffs, at which point Plaintiff turned around and Defendant grabbed Plaintiff and wrestled him to the ground. Plaintiff alleges that after other guards arrived on the scene, they placed Plaintiff in leg restraints and put him in a cell. The hearing officer describes

essentially the same incident, concluding, however, that Plaintiff became physically aggressive toward Defendant and Defendant took Plaintiff to the ground in order to control Plaintiff. The hearing officer also states that once Plaintiff was secured, he was placed in cell 127. Given this similarity, Plaintiff's allegation that the hearing officer did not review the pertinent portion of the videotape is simply not credible. Moreover, as the magistrate judge concluded, Plaintiff never sustained any significant injury, and there is no indication that the amount of force used was not reasonably necessary to maintain control of Plaintiff.

Regarding the denial of food claim, Plaintiff simply says that he states an Eighth Amendment claim because he alleges that the denial of food was intentional. This, however, was not the basis for the magistrate judge's recommendation. The magistrate judge reasoned that isolated denials of food trays, intentional or not, do not give rise to an Eighth Amendment claim. The Court considers this a correct statement of the law. *See Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) ("Whether the deprivation of food falls below [the Eighth Amendment] threshold depends on the amount and duration of the deprivation. . . . Missing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period."); *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (stating that "under certain circumstances a substantial deprivation of food may well be recognized as being of constitutional dimension").

Finally, regarding the retaliation claim, Plaintiff simply states that he objects, but fails to provide a specific reason for his objection. In any event, in light of the fact that the retaliation claim was premised upon the Eighth Amendment excessive force claim, the Court finds no reason to reject the magistrate judge's recommendation on this claim.

Therefore,

3

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 18, 2008 (docket no. 81) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant Miron's Rule 56(b) Motion for Summary Judgment (docket no. 49) is **GRANTED** in its entirety, and the following motions are **DISMISSED AS MOOT**: Plaintiff's Motions to Produce Documents and for Discovery (docket nos. 53 and 69) and Defendant's Motions for Extension of Time, for Leave to Take Deposition, and for Extension of Time To Submit Pretrial Narrative Statement (docket nos. 58, 60, and 73).

**IT IS FURTHER ORDERED** that there is no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

This case is **concluded**.


Dated: November 24, 2008               /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                 UNITED STATES DISTRICT JUDGE